ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| CARLA E. COLETTI<br><br>Recurrido<br><br>v.<br><br>KEVIN GAN Y OTROS<br><br>Peticionarios | **KLCE202401100** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV05053<br><br>Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico a 14 de noviembre de 2024.

Comparece ante este foro, Benjamín J. Blad, Kevin Gan y la Sociedad Legal de Gananciales compuesta por ambos ("los peticionarios") y nos solicitan que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 17 de enero de 2024. Mediante la referida *Orden*, el foro primario denegó una solicitud de desestimación presentada por los peticionarios.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

## I.

El 13 de septiembre de 2024, la Sra. Carla E. Coletti (señora Coletti o "la recurrida") presentó una *Demanda* sobre cobro de dinero e incumplimiento de contrato en contra de los peticionarios.[1] En esencia, sostuvo que, los peticionarios sin justificación alguna decidieron abandonar una propiedad arrendada en Dorado,

---

[1] *Demanda*, págs. 1-3 del apéndice del recurso.

dejando de pagar el canon de arrendamiento de $22,500.00 mensuales. Indicó que, el *Contrato de Arrendamiento* tenía una vigencia desde el 24 de diciembre de 2022 hasta el 31 de diciembre de 2023. No obstante, esbozó que el mes de agosto no cumplieron a cabalidad con el pago, quedando pendientes de pagar $2,000.00. A su vez, que dejaron de pagar los meses restantes del contrato, entiéndase de septiembre a diciembre de 2023. Como remedio, solicitó que ordenaran a los peticionarios a satisfacer las sumas de $69,500.00, más intereses de tipo legal, costas, gastos y honorarios de abogados.

Posteriormente, el 27 de noviembre de 2023, los peticionarios -sin someterse a la jurisdicción- presentaron una *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil Ausencia de Jurisdicción por Falta de Madurez de la Controversia*.[2] Mediante la cual, plantearon que la alegada controversia del caso no estaba madura, puesto que, la recurrida nunca les había requerido el cumplimiento del pago. Plantearon que el Contrato de Arrendamiento, disponía que debía realizarles una notificación de incumplimiento con requerimiento de pago y proveerles un término de 15 días para realizarlo.[3] Por ello, sostuvieron que al no

---

[2] *Moción de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil Ausencia de Jurisdicción por Falta de Madurez de la controversia*, págs. 31-37 del apéndice del recurso.
[3] Véase, *Contrato de Arrendamiento*, págs. 4-15 del apéndice del recurso.
[…]
**11. Default.**

**(a) Tenant Events of Default.** If any one or more of the following events (each, a "Tenant Event of Default") shall occur, the Landlord may declare Tenant in default under this Agreement upon notice provided in accordance with the provision of Section 18:

**(i) Failure to Pay Rent, Charges and Assessment and Other Amounts.** Tenant shall fail to pay the Charges and Assessments or other amounts payable under this Agreement, or any part thereof, when and as the same shall become due and payable, and such failure shall continue for a period of fifteen (15) days after receipt by Tenant of notice from the Landlord specifying such non-payments; […]

haber una declaración de incumplimiento de la deuda, ésta no estaba vencida, líquida, ni era exigible.

El 28 de noviembre de 2023, el foro primario emitió una *Orden*, mediante la cual le solicitó a la señora Coletti expusiera su posición sobre la solicitud de desestimación.[4]

Así las cosas, el 7 de enero de 2024, la recurrida presentó su *Moción en Oposición Solicitud Desestimación (Expediente #8)*.[5] En síntesis, arguyó que la solicitud de los peticionarios es errónea, puesto que, pretendían sustituir el descubrimiento de prueba y el juicio en su fondo. Añadió que, la cuantía reclamada era cierta y determinada, por lo que, la deuda estaba vencida y era exigible.

El 17 de enero de 2024, el foro primario notificó una *Orden*, mediante la cual declaró *No Ha Lugar* a la desestimación de los peticionarios.[6] Así pues, les ordenó que contestaran la demanda en el término de 20 días.

En la misma fecha, los peticionarios presentaron una *Moción de Reconsideración y Reiterando Ausencia de Jurisdicción por Falta de Madurez de la Controversia*.[7] En esta, arguyeron que la señora Coletti pretendía utilizar el descubrimiento de prueba, para demostrar si en efecto había enviado o no la carta de incumplimiento de contrato. A su vez, sostuvieron que conforme surgía del *Contrato de Arrendamiento*, previo a instar una demanda la recurrida debió notificarles el alegado

---

[4] *Orden*, pág. 38 del apéndice del recurso.
[5] *Moción en Oposición Solicitud Desestimación (Expediente #8)*, págs. 42-46 del apéndice del recurso.
[6] *Orden*, pág. 47 del apéndice del recurso.
[7] *Moción de Reconsideración y Reiterando Ausencia de Jurisdicción por Falta de Madurez de la Controversia*, págs. 48-50 del apéndice del recurso.

incumplimiento. Por ello, reiteraron que la controversia no estaba madura para su adjudicación.

El 25 de enero de 2024, el foro de instancia notificó una *Orden*, en la cual dispuso lo siguiente:[8]

> Verificando el contrato y las alegaciones de la parte demandada se le ordena al demandante a presentar la notificación que le envió a la parte demandada informando sobre su incumplimiento. Aclare el método utilizado para enviarle dicha notificación y la dirección utilizada. Se le concede un término de 20 días.

El 27 de febrero de 2024, los peticionarios presentaron *Moción Reiterando Desestimación por Ausencia de Jurisdicción*.[9] Plantearon que, habían transcurrido más de treinta (30) días sin que la recurrida acreditara la notificación del incumplimiento de pago. Por ello, reiteraron su solicitud de desestimación por falta de jurisdicción.

El 28 de febrero de 2024, la recurrida presentó *Moción Reiterando Oposición Solicitud Desestimación (Expediente #8 y #16)*.[10] En esta, señaló que el 1 de agosto de 2023, le había enviado un correo electrónico al Sr. Kevin Gan, indicándole lo siguiente:

> […]
>
> **\* Additionally, the rent payment was not made full.**
> I truly hope and definitely expect that moving forward this will be the last month of **your reoccurring monthly going continuous problems and delays on your signed contract agreement lease payments.** (Énfasis en el original).
>
> […]

---

[8] *Orden*, pág. 51 del apéndice del recurso.
[9] *Moción Reiterando Desestimación por Ausencia de Jurisdicción*, págs. 52-53 del apéndice del recurso.
[10] *Moción Reiterando Oposición Solicitud Desestimación (Expediente #8 y #16)*, págs. 54-58 del apéndice del recurso.

Así las cosas, enfatizó que la deuda había sido reclamada oportunamente. Por lo que, solicitó que fuera declarada no ha lugar la moción de desestimación.

El 1 de marzo de 2024, los peticionarios presentaron una *Réplica a Oposición a Moción Reiterando Desestimación por Ausencia de Jurisdicción*.[11] Mediante la cual, esbozaron que el correo electrónico no constituía una notificación de incumplimiento de la alegada deuda. Puesto que, "una comunicación de incumplimiento tiene que reclamar el pago de una suma adeudada, indicar los alegados cánones adeudados e imponer un término para que se realice el pago o se objete el mismo." Añadieron que, desde el 11 de agosto de 2023, le habían notificado a la recurrida sobre un incumplimiento de contrato por parte de ésta, por lo que, daban por terminado el contrato de arrendamiento.[12] De igual forma, resaltaron que no fue hasta el 27 de febrero de 2024, que la señora Coletti envió el comunicado sobre la reclamación de la deuda, en el cual dispuso que la deuda ascendía a $94,950.00. Finalmente, reiteraron que procedía la desestimación por falta de jurisdicción.

El 11 de septiembre de 2024, el foro primario notificó una *Resolución*, mediante la cual declaró *No Ha Lugar* a la solicitud de desestimación presentada por los peticionarios.[13]

Aún inconforme, el 11 de octubre de 2024, los peticionarios presentaron el *certiorari* de epígrafe,

---

[11] *Réplica a Oposición a Moción Reiterando Desestimación por Ausencia de Jurisdicción*, págs. 61-66 del apéndice del recurso.
[12] Véase, págs. 68-69 del apéndice del recurso.
[13] *Resolución*, págs. 80-81 del apéndice del recurso.

mediante el cual sostuvieron el siguiente señalamiento de error:

> Erró Honorable Tribunal de Instancia al declarar No Ha Lugar la Solicitud de Desestimación. La demandante Carla Coletti está impedida de presentar la demanda sin reclamar pago, conforme dispone su Contrato de Arrendamiento.

Por su parte, el 28 de octubre de 2024, la señora Coletti presentó su *Oposición a Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración.

**II.**

**-A-**

El recurso de *certiorari* permite a un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Véase,

además: *McNeil Healthcare v. Mun. Las Piedras I,* supra; *Scotiabank v. ZAF Corp et al.,* 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIG,* supra. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,
>
> (2) en asuntos relacionados a privilegios evidenciarios,
>
> (3) en casos de anotaciones de rebeldía,
>
> (4) en casos de relaciones de familia,
>
> (5) en casos revestidos de interés público,
>
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *McNeil Healthcare v. Mun. Las Piedras I*, supra.

El examen del *certiorari* no se da en el vacío o en ausencia de otros parámetros. *McNeil Healthcare v. Mun. Las Piedras I,* supra, pág. 404; *800 Ponce de León v. AIG,* supra. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Un *certiorari* sólo habrá de expedirse si, al menos, uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

**-B-**

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los siguientes fundamentos: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) dejar de exponer

una reclamación que justifique la concesión de un remedio, y 6) dejar de acumular una parte indispensable. *Costas Elena y Oros v, Magic Sports y Otros*, 2024TSPR13, 213DPR__ (2024); *Cobra Acquisitions, LLC v. Mun. Yabucoa et al*, 210 DRP 384 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013). La precitada regla permite a la parte demandada presentar una moción de desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043 (2020); *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022).

Asimismo, el Tribunal Supremo de Puerto Rico ha establecido que, al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Cobra Acquisitions, LLC v. Mun. Yabucoa et al*, supra, pág. 396; *Casillas Carrasquillo v. ELA*, supra, pág. 247; *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, supra, pág. 49; *Cruz Pérez v. Roldán Rodríguez*, 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA*, supra, pág. 1049. Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Cobra Acquisitions, LLC v. Mun. Yabucoa et al*, supra, pág. 396; *Casillas Carrasquillo v. ELA*, supra, pág. 247; *Cruz Pérez v.*

*Roldán Rodríguez*, supra, págs. 267-268; *Rivera Sanfeliz, et al. v. Jta. Dir. FirstBank*, supra, pág. 49; *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013); *López García v. López García*, 199 DPR 50, 69-70 (2018).

-C-

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Suffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac*

*Home v. Empresas Massó*, 194 DPR 96, 104 (2015); *AFI v. Carrión Marrero y otros*, 209 DPR 1 (2022).

-D-

Como es sabido, los tribunales revisores solo podremos resolver los casos que sean justiciables. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011). La doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Dicha doctrina nace del principio elemental de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas, que tienen un interés real en obtener un remedio judicial que haya de afectar sus relaciones jurídicas. Esto es, para el ejercicio válido del poder judicial se requiere la existencia de un caso o controversia real. *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007); *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 738; *Bhatia Gautier v. Gobernador*, supra, pág. 68. Según lo dispuesto por nuestro Máximo Foro, una controversia no es justiciable cuando: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva; o (5) se intenta promover un pleito que no está maduro. *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Bhatia Gautier v. Gobernador*, supra, pág. 68.

### III.

En el caso de autos, los peticionarios alegan que incidió el foro primario al denegar su moción de desestimación, puesto que, la recurrida nunca les envió una notificación de incumplimiento reclamando las alegadas sumas adeudadas, conforme dispone el contrato de arrendamiento. Por ello, sostienen que la demanda de autos debe ser desestimada por ausencia de jurisdicción, al no estar madura para su adjudicación.

Según reseñáramos, la señora Coletti presentó una *Demanda* en contra de los peticionarios sobre cobro de dinero e incumplimiento de contrato. Junto a la demanda, incluyó copia del contrato de arrendamiento. Posteriormente, los peticionarios presentaron una moción de desestimación por falta de jurisdicción, al no estar madura la controversia. Sostuvieron que la recurrida antes de presentar la demanda tenía que conforme estipulaba el *Contrato de Arrendamiento*, requerirles el pago de los alegados meses adeudados y concederles quince (15) días para el pago. Por lo tanto, arguyeron que los términos para que la deuda fuera exigible no habían comenzado a transcurrir.

Por su parte, la señora Coletti indicó que el 1 de agosto de 2023, les había enviado una comunicación sobre el incumplimiento de pago, y transcurridos los quince (15) días sin que subsanaran la deficiencia, podía tomar cualquier acción pertinente. No obstante, los peticionarios esbozaron que la alegada comunicación, era realmente una respuesta a un correo electrónico que ellos habían enviado sobre que era la señora Coletti quien estaba en incumplimiento de contrato, y habían decidido terminar con el contrato. A su vez, añadieron

que, de ser correcta la deuda del mes de agosto, no estaría vencida hasta el 1 de septiembre de 2023, por lo que, tenían hasta el 15 de septiembre para hacer el pago, y la recurrida había presentado la demanda el 13 de septiembre de 2023. Por ello, dicha comunicación no constituía una notificación de incumplimiento de los pagos.

No obstante, luego de evaluar el recurso de epígrafe, a la luz de los criterios de nuestra Regla 40, *supra*, rechazamos ejercer nuestra jurisdicción revisora e intervenir con el criterio del foro primario para variar el dictamen recurrido. Recalcamos que, nuestro máximo foro ha sido enfático en que, como foros revisores, no debemos intervenir con las actuaciones de los foros primarios cuando no han actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. A su vez, ha determinado que, en los casos discrecionales, solo estaríamos en posición de intervenir, si el foro primario abusó de su discreción.

Por ello, concluimos que el foro primario no incurrió en abuso de discreción, ni tampoco en error manifiesto al así resolver. Por tanto, procede denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones